```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

LISA LEARMONTH                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 4:06CV128TSL-LRA

SEARS, ROEBUCK & CO.                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Learmonth brought this action seeking to recover damages for injuries she sustained as a result of an automobile accident in which the vehicle she was driving and a vehicle owned by Sears Roebuck & Company (Sears) being driven by Sears employee James McClelland collided at the intersection of Highway 15 and Highway 485 in Neshoba County, Mississippi. Following a four-day trial, the jury returned a verdict in favor of plaintiff in the amount of $4,000,000. The case is now before the court on Sears' motion for new trial, or alternatively, for remittitur. Plaintiff has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion for a new trial should be denied but the motion for remittutur should be granted.

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted ... in any action in which there has been a trial by jury, for any of the reasons for which

new trials have heretofore been granted in actions at law in the courts of the United States." "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." Beckham v. Louisiana Dock Co., L.L.C., 124 Fed. Appx. 268, 270, 2005 WL 468340, 1 (5th Cir. 2005) (quoting Smith v. Transworld Drilling Co., 773 F.2d 610, 612 (5th Cir. 1985)).

In its motion, Sears argues that the jury's verdict was so excessive as to require a new trial or remittutur, both because the jury's award exceeds Mississippi's statutory cap of $1,000,000 for noneconomic damages by $1,218,905.60, see Miss. Code Ann. § 11-1-60(2)(b), and because the jury's verdict in any event exceeds the bounds of reasonable recovery for injuries of the type she sustained. Relative to the latter argument, Sears submits as its primary position that the jury's verdict was "so exaggerated that it reflects bias, passion and prejudice," and that therefore, a new trial, not remittitur is the proper remedy. See Wells v. Dallas Indep. Sch. Dist., 793 F.2d 679, 683-84 (5th Cir. 1986) (proper remedy for jury verdict which results from passion or prejudice is new trial, while damage award that is merely excessive, i.e., so large as to be contrary to right reason, is candidate for remittitur). Alternatively, it argues that in the event the court does not find the verdict to be the product of

2

passion or prejudice so as to warrant a new trial, a remittitur is nevertheless in order, since the verdict is so large as to be beyond the bounds of reasonable recovery.

Sears also contends it is entitled to a new trial based on plaintiff's influencing the jury by passion and prejudice. More particularly, Sears argues that plaintiff improperly influenced the jury by improper prejudicial comments in opening statements ("Sears Roebuck has gone on about their business making money."), and in closing argument (by making an improper "golden rule" argument and stating that Sears could have had plaintiff examined by its own doctors but did not do so)[1]; by presenting irrelevant and unfairly prejudicial evidence regarding the actions of Sears' driver James McClelland following the accident; and by improperly demonstrating her injuries in the courtroom.

In the court's opinion, plaintiff's counsel's comments in his opening statement and closing argument, whether considered individually or in the context of the overall opening statement/closing argument, were not so improper as to warrant a new trial. See Dixon v. International Harvester Co., 754 F.2d 573, 585 (5th Cir. 1985) ("To justify a reversal based on improper comments of counsel, the conduct must be such as to gravely impair

---

[1] In its rebuttal brief, Sears identifies additional statements in plaintiff's counsel's closing argument which it contends were inflammatory and unfairly prejudicial. The court does not consider the argument based on these statements as they were not asserted as a basis for Sears' motion.

3

the calm and dispassionate consideration of the case by the jury."); see also Whitehead v. K Mart Corp., 173 F. Supp. 2d 553, 564 (S.D. Miss. 2000) ("Generally, closing argument must go far beyond the bounds of accepted advocacy before a new trial will be granted."). Counsel's remarks did not deprive Sears of a fair trial, particularly since the court clearly instructed the jury that opening statements and closing arguments were not evidence and the court ruled on Sears' contemporaneous objections, noting that the statements were improper. See Wilson v. Johns-Manville Sales Corp., 810 F.2d 1358, 1362 (5th Cir. 1987) (observing that "objectionable comments should be considered 'within the context of the court's rulings on objections, the jury charge, and any corrective measures applied by the trial court.'") (quoting Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1238 (5th Cir. 1985)). Moreover, while Sears' failure to request a mistrial may not be fatal to its request for a new trial, its failure to do so does counsel against its request for relief. See Winter v. Brenner Tank, Inc., 926 F.2d 468, 473 (5th Cir. 1991) (finding it "significant that [defense] counsel acquiesced in the court's curative instructions by failing to request a mistrial," and observing that "counsel made a strategic determination not to request a mistrial at the time the improper comments were made, and we will not allow him to challenge the verdict based on those same comments after having had a chance to see the verdict."); see

4

also United States v. Diaz-Carreon, 915 F.2d 951, 959 (5th Cir. 1990) ("[T]he failure of defense counsel to seek a mistrial suggests that any lingering prejudice from the improper comments was minimal.").

The court rejects Sears' position that evidence presented regarding the actions of James McClelland immediately following the collision was irrelevant and unfairly prejudicial. As noted by plaintiff, McClelland's credibility was a key determination for the jury, and the challenged evidence was relevant and proper for the jury's consideration on his credibility.

Sears objects that plaintiff's actions in entering the courtroom and walking with a noticeable limp through the gallery to and from plaintiff's counsel table, were an improper attempt by plaintiff to demonstrate her injuries in the presence of the jury without defense counsel being able to see the demonstration and to question plaintiff about her actions, and it contends that it was unduly prejudiced by this demonstrative testimony. Plaintiff points out in her response that when this was brought to the attention of Sears' counsel during the trial, counsel for defendant made no objection; he did not request to be allowed to re-call plaintiff to the witness stand to question her regarding her gait; he did not request any curative action by the court; and he did not request a mistrial. In short, Sears was aware of this very situation and remained silent. Plaintiff contends that

Sears' failure to object or otherwise seek corrective action in a timely manner should preclude it from raising the issue at this juncture. She further submits that plaintiff's actions were not calculated to influence the jury, and were not prejudicial in any event, and she notes that her gait would have been readily observed by the jury when she entered the courtroom to take the witness stand and upon her exiting the courtroom following her testimony. For essentially the reasons assigned by plaintiff, the court finds no merit in Sears' request for a new trial on this basis.

Sears argues that the jury's verdict is excessive as a matter of law in light of Mississippi Code Annotated § 11-1-60(2)(b), which places a $1,000,000 cap on noneconomic damages, and that in any event, the jury's verdict is excessive under the standard of reasonable recovery, in light of the "dubious evidence" presented by plaintiff as to the nature and extent of her injuries and losses. According to defendant, the nature and extent of plaintiff's injuries do not and cannot justify an award of $4,000,000, regardless of whether those damages were subject to a legal limitation.

A "jury's award is not to be disturbed unless it is entirely disproportionate to the injury sustained." Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 784 (5th Cir. 1983). The Fifth Circuit has "expressed the extent of distortion that warrants

6

intervention by requiring such awards to be so large as to 'shock the judicial conscience,' 'so gross or inordinately large as to be contrary to right reason,' so exaggerated as to indicate 'bias, passion, prejudice, corruption, or other improper motive,' or as 'clearly exceed[ing] that amount that *any* reasonable man could feel the claimant is entitled to.'" Id. (citations omitted). Under these standards and considering the evidence adduced at trial, the court cannot conclude that the jury verdict is so excessive, so "contrary to right reason," as to warrant a new trial or remittitur.

However, the court concludes that a remittitur is in order based on Mississippi Code Annotated § 11-1-60(2), which states, in pertinent part,

> (b) In any civil action filed on or after September 1, 2004, ... in the event the trier of fact finds the defendant liable, they shall not award the plaintiff more than One Million Dollars ($1,000,000.00) for noneconomic damages.
>
> It is the intent of this section to limit all noneconomic damages to the above.
>
> (c) The trier of fact shall not be advised of the limitations imposed by this subsection (2) and the judge shall appropriately reduce any award of noneconomic damages that exceeds the applicable limitation.

Sears notes in its motion that with respect to economic damages, plaintiff claimed past medical expenses of $90,098.42, future medical expenses (reduced to net present value) of $483,510.00, and a loss of wage earning capacity of $1,207,486.00, for a total

7

of $1,781,094.00 in economic damages. Defendant submits that the remainder of the jury's $4,000,000 verdict, totaling $2,218,905.60, was more than twice the maximum limit for non-economic damages under § 11-1-60, and it contends that as a matter of law, it is entitled to a remittitur of $1,218,905.60.

Plaintiff acknowledges that the effect of enforcement of the statute would be to reduce her damages award by $1,218,905.60. However, she argues that § 11-1-60 is unconstitutional on a number of grounds, including that (1) it impermissibly forces the judiciary to enter a remittutur, at the direction of the legislature, in violation of the separation of powers clause in the Mississippi Constitution; (2) it requires an amendment of a verdict in contravention of Federal Rules of Civil Procedure 49 and 58, which under the Supreme Court's holding in Hanna v. Plumer, 380 U.S. 460 (1965), prevail over state statutes when the two are in conflict in a diversity case; (3) it is tantamount to the legislature mandating that this court perform a purely procedural function and thus impermissibly infringes upon this court's use of common law and procedural rules, which are governed by federal law; (4) it violates plaintiff's right to trial by jury under Section 31 of the Mississippi Constitution; (5) it violates the open courts provision of Section 24 of the Mississippi Constitution; (6) it violates plaintiff's due process rights; and (7) it violates plaintiff's equal protection rights.

Sears has filed its rebuttal brief thoroughly addressing each of plaintiff's arguments, and the State of Mississippi has filed a reply to plaintiff's opposition to Sears' motion.[2] For the reasons well stated in their memoranda, the court rejects plaintiff's challenge to the constitutionality of § 11-1-60, and concludes that a remittitur should be ordered.

Based on the foregoing, it is ordered that Sears' motion for a new trial is denied. It is further ordered that Sears' motion for remittitur of the jury verdict from $4,000,000 to $2,781,094.40 is granted.

SO ORDERED this 28th day of July, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] The State of Mississippi, through Jim Hood, Attorney General for the State of Mississippi, has moved pursuant to Rule 24 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403(b) to intervene as a nonaligned party to defend the constitutionality of Mississippi Code Annotated § 11-1-60(2)(b). The Attorney General has joined in Sears' arguments, and has submitted his separate brief to address plaintiff's assertion that § 11-1-60 violates plaintiff's right to a jury trial as provided by Section 31 of the Mississippi Constitution.